## W. R. Thompson *v.* John Hockworth.

**Attachment—Irresponsive Answer.**

An answer by defendant in attachment more than five months after the filing of the petition of attachment, in which the defendant "denies that he is about to sell or transfer or dispose of his property with intent to cheat," etc., is not responsive to the petition because of the time which elapsed beween the filing of the petition and the answer.

### APPEAL FROM LEWIS CIRCUIT COURT.

#### October 9, 1873.

OPINION BY JUDGE LINDSAY:

Appellant, on the 17th day of November, 1868, filed his petition in which he stated that appellee was then "about to sell, convey or otherwise dispose of his property with the fraudulent intent to cheat, hinder, or delay his creditors." More than five months afterwards, on the 21st of May, 1869, appellee answered, that "he most positively denies that he is about to sell or otherwise dispose of his property with intent to cheat, etc."

He may have safely sworn that he was about to make a fraudulent disposition of his property on the 21st of May, 1869, and yet it may have been true that he was about to do so five months before. It is apparent that appellee's answer does not controvert, nor attempt to controvert, the ground of attachment as set up by appellant in his petition, and we are satisfied from the proof that he could not have faithfully denied it. It was certain that he was secretly negotiating a sale of his lands when the order of attachment was sued out and, although he puts himself upon the witness stand to explain the transaction, and states in general terms that he used the moneys realized from the sale to pay his debts, he fails to specify a single debt paid, except one secured by a lien on one of the tracts of land included in the sale.

We conclude, therefore, as the ground of attachment is not controverted, and as the proof sufficiently sustains it, even if it had been, that the court below erred in discharging the order.

The judgment discharging the same is therefore reversed and the

cause remanded with instructions to sustain it, and to subject the attached property to the payment of appellant's judgment.

*Ireland, for appellant.*

———, *for appellee.*